IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY CURTIS UNDERWOOD,** | **CASE NO. 2:07-cv-428** |
| | **CRIM. NO. 2:05-cr-114** |
| Petitioner, | **JUDGE GRAHAM** |
| | **MAGISTRATE JUDGE ABEL** |
| v. | |
| **ERNIE MOORE, Warden,** | |
| Respondent. | |

ORDER and
REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. This matter is before the Court on the instant motion, respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's request for an evidentiary hearing is **DENIED.**

Petitioner's underlying criminal conviction is the result of his October 13, 2005, guilty plea made while represented by counsel and pursuant to the terms of a plea agreement to possession with intent to distribute approximately 35 grams of cocaine base, in violation of 21 U.S.C. §841(b)(1)(B)(iii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A)(I). Doc. Nos. 1, 20. On May 26, 2006, the Court sentenced petitioner to eighty-four months plus five years incarceration for a total aggregate term of 144 months incarceration. Doc. No. 29. Petitioner did not appeal.

On May 14, 2007, petitioner filed the instant *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.  He asserts as follows:

> 1.  Counsel was ineffective for advising petitioner to plead guilty to §924(c)(1)(A)(1).
>
> Petitioner claims that his facts and circumstances do not justify a guilty plea to §924(c).  Petitioner submits had counsel investigated claims by petitioner and researched the law in relation to the facts he would not have advised petitioner to plead guilty. Additionally, petitioner relied on counsel's faulty and erroneous advice in deciding to plead guilty.
>
> 2.  Counsel was ineffective for promising a ten (10) year (120 month) sentence.
>
> Counsel promised petitioner that at most petitioner would receive in the way of a federal sentence was ten years. Petitioner did in fact receive 144 months.  Petitioner relied on this sentence prediction in deciding to plead guilty.
>
> 3.  Petitioner contends an evidentiary hearing must be conducted.
>
> Petitioner takes the position that a hearing must be conducted into the claims of ineffective assistance of counsel, involuntary plea, and promised sentence.
>
> 4. For the purpose of future review petitioner contends that he should not have been sentenced to the 100 to 1 crack laws.
>
> Recently Congress has strongly indicated that crack penalties, with attendant minimum mandatory sentences, would be revisited and the penalties lessened.... Petitioner was sentenced under the 100 to 1 sentencing scheme and if the penalties were reduced, petitioner's sentence would be reduced drastically. Petitioner raises the issue now for future consideration.

It is the position of the respondent that all of petitioner's claims are without merit.

**CLAIMS ONE AND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner asserts that he was denied the effective assistance of counsel because his attorney improperly advised him to plead guilty to possession of a firearm in furtherance of a drug trafficking crime, and promised that his maximum sentence would be ten years imprisonment. Petitioner asserts that his attorney improperly failed to recognize or advise him that there was no valid basis for his conviction under §924(c)(1)(A) in view of *United States v. Mackey*, 265 F.3d 457 (6th Cir. 2001). Additionally, petitioner alleges he was never advised that his conviction under §924(c)(1)(A) was required to run consecutive to any other sentence imposed. *See Memorandum in Support*. Petitioner alleges that, had counsel properly advised him of the nature of the offenses and the possible sentence, he would not have entered the guilty plea.

In support of these allegations, petitioner has submitted an affidavit indicating that he told defense counsel he was riding in the car owned by his sister, Tanya Underwood, where police found the gun at issue, but Danette Collier, his sister's friend, owned the gun which had been hidden beneath the passenger seat without petitioner's knowledge. See *Affidavit of Petitioner*. Petitioner also states in his affidavit that he did not learn the gun was in the car until his sister called him on his cell phone. He then picked up the gun and returned it to its location under the seat. *See id.*

Petitioner also has attached an affidavit from Donna Underwood, his mother, dated February 27, 2007. She states that she and Danielle Underwood met with defense Attorney Gill who told them the maximum sentence petitioner would receive was ten years

3

imprisonment. *See Affidavit, Donna Underwood.* Petitioner also has attached an affidavit from Danielle Underwood, his cousin, dated April 11, 2007. Danielle Underwood likewise states that she and Donna Underwood met with defense Attorney Gill who told them the maximum sentence petitioner would receive was ten years imprisonment. *See Affidavit, Danielle Underwood.* Finally, petitioner has attached an affidavit from Tanya Underwood, his sister, dated February 24, 2007. Tanya Underwood states that she owned the car in which petitioner was riding at the time of his arrest. She called petitioner on his cell phone on the date in question and told him the pistol was under the passenger seat. He told her he found it. According to Tanya Underwood, petitioner had no idea the gun was in the car before she called him. *See Affidavit, Tanya Underwood.*

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir.1988)(quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the court must look at the totality of circumstances surrounding the plea. *Id*. A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*,

4

411 U.S. 258, 267 (1973). The two part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir.1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884. Petitioner has failed to meet this standard here.

Petitioner signed a plea agreement acknowledging he understood that Count 1 of the Indictment carried a mandatory minimum sentence of five years in prison, that Count 2 of the Indictment carried a possible maximum of forty (40) years in prison, and that the five year mandatory term would be imposed consecutively to any other sentence. *See Plea Agreement*, Doc. No. 20. At the time of his guilty plea, the Court thoroughly advised petitioner of all of the rights he was waiving by virtue of his guilty plea, and of the nature of the offenses to which he was pleading guilty. *Transcript, Guilty Plea*, October 13, 2005, at 11-13. Petitioner at all times indicated that he understood. *See id.* He never asked any questions. He stated he was not under the influence of alcohol or drugs, and his attorney

5

had no doubt regarding his competence to enter the guilty plea. *Id.*, at 5. He told his attorneys everything he knew about the case. *Id.*, at 6.

> COURT: And have your lawyers fully advised you not only on the nature and meaning of the charges but, also, on any possible defenses that you might have?
>
> DEFENDANT: Yes, sir.
>
> COURT: Are you satisfied with your lawyers' advice and representation?
>
> DEFENDANT: Yes, sir.

*Id.* The Court advised petitioner of the elements of the offenses charged. *Id.*, at 6-7. The Court also explicitly advised petitioner of the potential sentences he faced, including the mandatory minimum consecutive five year term required for his conviction on possession of a firearm in furtherance of a drug trafficking crime. *Id.*, at 7-8. Again, petitioner at all times indicated that he understood and did not ask any questions.

> COURT: [D]o you understand that the Court could impose the maximum penalties on both counts?
>
> DEFENDANT: Yes, sir.
>
> COURT: Do you understand that the Court can impose the very same penalty as though you had pleaded not guilty and stood trial and had been convicted by a jury?
>
> DEFENDANT: Yes, sir.

*Id.*, at 9. Petitioner stated that he had discussed with possible ramifications of the United States Sentencing Guidelines. *Id.*, at 10. He understood actual sentence imposed was entirely at the Court's discretion and limited only by the minimum or maximum penalties

6

provided for under the statutes for the offenses of conviction. *Id*., at 10-11.

> COURT: Do you understand that if the sentence you receive in this case should turn out to be more severe than you hoped or expected, that you will still be bound by your guilty plea and you will have no right to withdraw it? Do you understand that?
>
> DEFENDANT: Yes, sir.

*Id*., at 11. The prosecutor summarized the terms of petitioner's plea agreement. *Id*., at 14-17. Defense counsel agreed with those terms. *Id*., at 18. Petitioner said he had not been made any additional promises to induce his guilty plea nor had he been threatened. *Id*.

Agent Howard summarized the facts of the case as follows:

> On or about February 8th of 2005, officers for the Columbus Police Department were looking for Anthony Underwood on several outstanding felony warrants that he had. They lo9cated a black Ford Thunderbird parked in the driveway of 474 Hanley Street, which is here in Columbus, Ohio.
>
> They maintained surveillance of that vehicle. About ten minutes later, they described a light-skinned black male arrived or appeared, wearing a cream-colored leather coat, which the officers immediately recognized as Anthony Underwood from previous dealings.
>
> While coordinating the arrest team, Mr. Underwood took off the cream-colored coat and placed it in the back seat of the Ford Thunderbird. A little while later, Mr. Underwood got in the passenger seat while the driver backed out of the driveway on Hanley Street. As he backed out onto Hanley Street, Officer Rob Bass of the Columbus Police Department pulled forward to make the traffic stop, nose-to-nose on the vehicles, and initiated the traffic stop and ordered Mr. Underwood to place his hands in the air. While he was doing so, he watched Mr. Underwood place his hand near his waist area and then lean forward as if he was placing something up underneath the

7

> seat. After that was done, Mr. Underwood complied, got out of the vehicle and was taken into custody.
>
> During a search incident to arrest, underneath the seat where Mr. Underwood was sitting was a .40 caliber Taurus semi-automatic pistol, which was taken into custody. Also, inside the cream-colored leather coat, inside the pocket, was a cellophane baggie of about 35.9 grams of crack cocaine, a digital scale and Mr. Underwood's cell phone.
>
> All of these items were taken into evidence. The firearm was taken to the Columbus Police Crime Lab. In doing so, the firearm was found to be in good operating condition. They also swabbed the firearm for DNA, which they were able to obtain some DNA. Detective Rick Bisuitti from the Cold Case Homicide Squad obtained a court order and got a sample of Mr. Underwood's DNA, sent it to the Crime Lab. The DNA from the firearm and the DNA from Mr. Underwood was a match. His DNA was on the firearm. All of these events occurred here in the City of Columbus, Franklin County, Ohio.

*Id.*, at 19-21. Petitioner agreed with these facts and admitted his guilt.

> COURT: Mr. Underwood, did you hear what Agent Howard just said?
>
> DEFENDANT: Yes, sir.
>
> COURT: Is what he said true and correct?
>
> DEFENDANT: Yes, sir.
>
> COURT: Is that what you did?
>
> DEFENDANT: Yes, sir.
>
> COURT: You had in your possession 35 grams of crack cocaine for the purpose of selling it or distributing it; is that correct?
>
> DEFENDANT: Yes, sir.

8

> COURT: And you were also carrying a gun in relation to your drug dealing activities; is that correct?
>
> DEFENDANT: Yes, sir.
>
> COURT: And are you offering to plead guilty here this afternoon because you are, in fact, guilty of the offenses charged.... ?
>
> DEFENDANT: Yes, sir.

*Id.*, at 21. At sentencing, petitioner stated he had received a copy of the PreSentence Investigation Report at least ten days prior to the hearing. He had read it and discussed it with counsel. *Sentencing Transcript,* May 26, 2006, at 3. The report likewise indicates the mandatory and minimum penalties for the offenses charged and as well indicates that indicates that petitioner's conviction under 18 U.S.C. 924(c)(1)(A)(I) requires a "consecutive term of at least 5 years." *PreSentence Investigation Report*, at ¶65. The probation officer recommended petitioner be sentenced to 110 months on Count 1 and 60 months on Count 2, such sentences to run consecutively. *See id.* At sentencing, when the Court asked petitioner if he had any comment, petitioner stated solely:

> ... I pleaded guilty to turn over a new leaf in my life.... today is the first day of the rest of my life.... And I just ask that you hold in your heart today to – you know what I'm saying? To take the blessings that God gave you to be a blessing onto to me, you know what I'm saying?

*Id.*, at 13. Upon the government's motion for a downward departure, the Court imposed 84 months on Count 1 followed by a 60 month mandatory consecutive term of Count 2. *Id.*, at 10; 15-16.

9

In view of all of the foregoing, petitioner's allegation here that he did not know about the five year mandatory consecutive prison term or the potential sentence he faced, and that he is actually innocent of the charges is not worthy of credit.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Machibroda, supra*, 368 U.S. at 495-496, 82 S.Ct., at 514 (s 2255); *Price v. Johnston, supra*, at 334 U.S. 266, 286-287, 68 S.Ct. 1049, 1060-1061, 92 L.Ed. 1356 (s 2243).

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Further, any erroneous advice by counsel about the maximum sentence petitioner faced would not constitute grounds for invalidating the guilty plea where petitioner was properly advised by the District Court of the maximum sentence he faced. *See Brown v. United States*, 75 F.Supp. 2d 345, 355 (D. New Jersey, 1999).

> *See, e.g., United States v. Stephens,* 906 F.2d 251, 253 (6th Cir.1990) ( "The mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement .... This is especially true under the new Sentencing Guidelines." ) (quoting *United States v. Sweeney,* 878 F.2d 68, 70 (2d Cir.1989)....
>
> The rationale is that the Rule 11 colloquy, which advises the defendant of the minimum and maximum imprisonment range under the statute and provides other necessary information about the Guidelines sentencing process, eliminates any arguable prejudice from an earlier estimate by counsel. *See, e.g., United States v. Martinez,* 169 F.3d 1049, 1053 (7th Cir.1999) (

> "[A]n attorney's mere inaccurate prediction of sentence does not demonstrate the deficiency component of an ineffective assistance of counsel claim." ) (citation omitted); *Gonzalez v. United States,* 33 F.3d 1047, 1051-53 (9th Cir.1994) ( "The district court informed [defendant] of the maximum possible sentences and fines for the offenses to which he pleaded guilty. He responded affirmatively when asked if he was satisfied with [counsel]'s representation of him. As a result, [he] cannot claim he was prejudiced by [counsel]'s alleged gross error in calculating the sentencing guidelines range and likely sentence." ); *Doganiere v. United States,* 914 F.2d 165, 168 (9th Cir.1990) ("[Defendant]'s attorney's inaccurate prediction of what sentence [he] would receive upon pleading guilty does not rise to the level of a gross mischaracterization of the likely outcome of his case, and thus does not constitute ineffective assistance of counsel .... Further, [defendant] suffered no prejudice from his attorney's prediction because, prior to accepting his guilty plea, the court explained that the discretion as to what the sentence would be remained entirely with the court .") (citation omitted).

*Id.*

The record reflects that, by pleading guilty petitioner obtained a two point reduction in his recommended sentence under the United States Sentencing Guidelines for acceptance of responsibility, and a one point reduction for timely notifying authorities of his intent to plead guilty. *PreSentence Investigation Report*, at ¶¶20-21. Pursuant to the government's motion, he further reduced his sentence by obtaining a two level downward departure in his offense level, resulting in a recommended guideline sentence of 84 to 105 months, rather than 100 to125 months. The Court sentenced him at the bottom of that range to 84 months on Count 1 and to the mandatory minimum 60 month consecutive term on Count 2. Thus, petitioner substantially reduced his prison exposure by entry of his

11

guilty plea. Further, and contrary to his allegations here, the record does not indicate that the government would have been unable to prove the charges against petitioner. *See United States v. Bailey*, 510 F.3d 562, 567-68 (6th Cir. 2007); *United States v. Mackey*, 265 F.3d 457, 461-62 (6th Cir. 2001). Under these circumstances, it is unlikely that counsel would have advised against entering the guilty plea. Petitioner has failed to establish that, but for his attorney's inadequate or erroneous advice he would not have entered a guilty plea.

Claims one and two are without merit.

## CLAIM FOUR: SENTENCE

In claim four, petitioner asserts that his sentence should be reduced because he was sentenced under "the 100 to 1 crack laws." As noted by respondent, petitioner neither objected to imposition of sentence on this basis, nor raised such issue on direct appeal. Therefore, the claim is waived absent a showing of cause and actual prejudice for such failure. *Napier v. United States*, 159 F.3d 956, 961 (6th Cir.1998), citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Petitioner has failed to demonstrate cause or prejudice for his failure.

"[M]istakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Further,

> the Sixth Circuit has ... upheld the 100 to 1 ratio between crack and cocaine powder as constitutional. *United States v. Smith*, 73 F.3d 1414, 1419 (6th Cir.1996). The 100:1 ratio has not been found to violate the substantive component of the Due Process Clause. *United States v. Pickett*, 941 F.2d 411, 418-419 (6th

12

> Cir.1991). The Sixth Circuit has also rejected an equal protection challenge to the ratio brought under the Fifth Amendment, *United States v. Williams*, 962 F.2d 1218, 1227 (6th Cir.1993), as well as a claim that the term "cocaine base" was unconstitutionally vague. *United States v. Levy*, 904 F.2d 1026, 1033 (6th Cir.1990).

*Burch v. United States,* 2007 WL 4098219 (E.D. Mich. November 16, 2007).

Claim four is waived and does not provide any basis for federal habeas corpus relief.

### CLAIM THREE: REQUEST FOR EVIDENTIARY HEARING

Petitioner's request for an evidentiary hearing is **DENIED**. No evidentiary hearing is required where, as here, the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255 (b).

> No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995), quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir.1999).

*United States v. Grabner*, 2007 WL 2479473 (W.D. Michigan August 28, 2007). Such are the circumstances in this case.

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

13

supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel<br>
United States Magistrate Judge